UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD CHARLES CASE,

Plaintiff,

v.

RON BROOMFIELD,

Defendant.

No. 2:25-cv-03566-SCR P

ORDER

Plaintiff is incarcerated in a state prison and proceeding with this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. Plaintiff's complaint is before the undersigned for screening under 28 U.S.C. § 1915A, after being severed from an action originally filed in the Northern District of California.

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

1

In order to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## PLAINTIFF'S COMPLAINT

The facts underlying plaintiff's complaint occurred while Plaintiff was incarcerated at San Quentin State Prison. ECF No. 1 at 1. Plaintiff alleges that on July 21, 2016, he attended a classification committee hearing, where he was notified of his classification as a child molester. Id. at 2. Plaintiff alleges that he had never been charged or convicted of a sex offense against a minor. Id. During his hearing, Chairperson Avila and R. Ruddell, the Recorder, allegedly ignored plaintiff's arguments, and in the eight years following the classification, prison officials have refused to listen to plaintiff or conduct any serious investigation into the misclassification issue. Id. at 3.

Attached to his complaint, plaintiff includes a copy of the August 10, 2016 "Classification Committee Chrono," which contains a record of the committee's findings that plaintiff was convicted of oral copulation with a minor under California Penal Code § 288(a)(c) and for lewd acts on a child under fourteen under § 288(a). Id. at 29. Plaintiff has submitted a grievance regarding the misclassification issue and exhausted all of his available appeals. Id. at 1-3. In his grievance, plaintiff argues that he was never charged nor convicted under § 288a(c)(1) for oral copulation on a minor or § 288(a) for lewd acts on a child under fourteen. Id. at 11-12. Plaintiff requests that all information indicating that he had been charged and or convicted for a sex

2

offense against a minor be removed from his file, including from the August 10, 2016 Classification Committee Chrono. Id. at 7, 20, 33. He also requests that the restrictions on his visitation rights with children be lifted and that his request to be placed in "Yard 7" be granted. Id. at 10, 20, 21. In all three levels of appeal, reviewing staff concluded that there was no mention of any charges for sex offenses against minors in plaintiff's file, including in the August 10, 2016 Chrono; therefore, plaintiff's request to have such information removed from his file was not warranted. Id. at 32, 37, 39. Attached to his complaint, plaintiff includes a copy of the memorandum of all of his appeals and the resulting decisions, signed by defendant Ron Broomfield, warden at San Quentin State Prison. Id. at 37-38.

Plaintiff alleges that being branded a child molester "on the prison main line" can get you killed, and, according to prison officials, all death row inmates will be transferred to some prison main line. Id. at 3. Specifically, plaintiff alleges that an "R" suffix, which an incarcerated person receives when classified as a sex offender, is "of great concern to prisoners" because it invites threats, attacks, and extortion by other prisoners. ECF No. 1-1 at 12. Sex offenders with convictions for crimes against children are especially "looked down upon by other prisoners." Id. Plaintiff also alleges that as a result of being labeled a child molester, correctional officers assigned to his block are allowed to harass him and have been destroying and stealing his property. ECF No. 1 at 4-5. Plaintiff claims that because correctional officers operate under a "Code of Silence," he cannot prove any of the seizure and destruction of his property. Id. at 4.

Plaintiff is now eighty-three years old and alleges that he is in bad health and is no longer able to defend himself against the main line inmates. ECF No. 1 at 3. Plaintiff requests injunctive relief that the allegedly false information be removed from his central file and monetary relief in the amount of $350,000. Id.

## LEGAL STANDARDS

### I.      42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim

3

under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

## II.    Linkage

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted). In other words, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III.    Fourteenth Amendment Deprivation of Liberty

The Fourteenth Amendment's Due Process Clause protects person against deprivations of life, liberty, or property; and those who seek to invoke its procedural protect must establish that one of these interests is at stake. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word "liberty," see, e.g., Vitek v. Jones, 445 U.S. 480, 493-94 (1980) (finding a liberty interest in avoiding involuntary psychiatric treatment and transfer to mental institution), or it may arise from an expectation or interest created by state laws or policies, see, e.g., Wolff v. McDonnell, 418 U.S. 539, 556-558 (1974) (finding a liberty interest in avoiding withdrawal of state-created system of good-time credits).

/////

4

In order to state a cognizable due process claim, plaintiff must first establish the existence of a liberty interest for which protection is sought. Id. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin v. Connor, 515 U.S. 472, 484 (1985)). The classification of an inmate as a sex offender rises to the level of a due process violation only if coupled with treatment that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Neal v. Shimoda, 131 F.3d. 818, 830 (9th Cir. 1997) (noting that completion of the sex offender treatment program being required for parole eligibility made it unduly coercive); Vitek, 445 U.S. 480 (finding the transfer to a mental hospital and subjection to mandatory behavior modification treatment to be a "grievous loss" triggering due process protection); see also Payne v. Gastelo, No. cv-1:60-1484 FMO AFM, 2016 WL 7167897, at *3 (C.D. Cal. Oct. 31, 2016) (emphasizing that completion of a mandatory treatment program being a precondition for parole eligibility is what gave rise to a due process protection, as opposed to the "sex offender" label being the crux of the due process claim), report and recommendation adopted, No. CV 16-1484 FMO AFM, 2016 WL 7167872 (C.D. Cal. Dec. 8, 2016).

**IV.     Eighth Amendment Deliberate Indifference to Substantial Risk of Serious Harm**

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Garcia v. CDCR, No. 1:12-cv-1209-MJS PC, 2012 WL 5381377, at *3 (E.D. Cal. Oct. 31, 2012) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994)). Prison officials have a duty to protect prisoners from violence at the hands of other prisoners and are required to take reasonable measures to guarantee their safety. Id.

"[T]o state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834. To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded,

5

an excessive risk to inmate safety.  Id. at 837.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."  Id.

**DISCUSSION**

**I.      Deprivation of Liberty**

The undersigned liberally construes plaintiff's complaint as raising a Fourteenth Amendment Due Process claim for deprivation of liberty against defendant Warden Broomfield. Based on the allegations, the undersigned finds that plaintiff has failed to allege deprivation of a cognizable federal or state law liberty interest protected by the Due Process Clause.  Accordingly, plaintiff has not stated a valid due process claim.

**A.  No Protected Interest in Contact Visitation**

The complaint alleges that as a result of being classified as a child molester, plaintiff's right to visitation with children has been restricted.  ECF No. at 10, 29.  However, incarcerated persons have no protected interest in contact visitation.  Adams v. California Dep't of Corr., No. 2:20-cv-0858-JAM DBP, 2021 WL 1294949, at *3 (E.D. Cal. Apr. 7, 2021) (screening out plaintiff's claim that he was misclassified as a child molester and the subsequent restriction on his visitation rights with minors violated due process), report and recommendation adopted, No. 2:20-cv-0858-JAM DBP, 2021 WL 2943933 (E.D. Cal. June 28, 2021), aff'd sub nom. Adams v. California Dep't of Corr. & Rehab., No. 21-16167, 2022 WL 17175132 (9th Cir. Nov. 23, 2022); see also Valdez v. Woodford, 308 Fed.App'x 181, 183 (9th Cir. 2009) (holding district court properly dismissed plaintiff's claim alleging prison restriction of his right to visit with children due to his sex-offender convictions because neither federal nor state law has created a protected interest in visitation).  Accordingly, plaintiff has not alleged facts plausibly claiming atypical and significant hardship.

**B.  No Protected Right to an Accurate Prison Record**

The complaint states that due to plaintiff's alleged misclassification, there is false information in his central file, specifically that he was convicted for sex offenses against minors. ECF No. 1 at 29.  However, incarcerated persons "do not have an independent right, grounded in

6

the Due Process Clause, to an accurate prison record." Jones v. Chen, No. 1:11-cv-1762-MJS PC, 2012 WL 1901497, at *5 (E.D. Cal. May 24, 2012) (citing Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987)); see also Hernandez v. Olding, 46 F.3d 1141 (9th Cir. 1995) (affirming summary judgement on prisoner claim that misclassification as a sex offender and subsequent failure to expunge his record violated due process).  Accordingly, plaintiff has not alleged facts plausibly claiming atypical and significant hardship.

### C.  No Protected Right to Preferred Placement

Plaintiff alleges that his misclassification as a child molester is affecting other classification decisions made about him, including the denial of his request to be assigned to "Yard 7." ECF No. 1 at 21.  However, incarcerated persons generally have no constitutional right to placement in a particular facility.  See Eckstrom v. Beard, No. 2:16-cv-0275-KJM AC, 2018 WL 2047281, at *3 (E.D. Cal. May 2, 2018), report and recommendation adopted, No. 2:16-cv-0275-KJM AC, 2018 WL 2938873 (E.D. Cal. June 12, 2018) (citing Meachum v. Fano, 427 U.S. 215, 224-25 (1976)) (holding that prisoners do not have a protected interest against transfer from one institution to another).  Accordingly, plaintiff has not alleged facts plausibly claiming atypical and significant hardship.

### II.    Deliberate Indifference to Substantial Risk of Serious Harm

The undersigned also liberally construes plaintiff's complaint as raising an Eighth Amendment claim for deliberate indifference to a substantial risk of serious harm against defendant Warden Broomfield.  The undersigned finds that plaintiff has not alleged facts sufficient to show that defendant Warden Broomfield was deliberately indifferent to his safety.

The complaint states that due to plaintiff's alleged misclassification, he fears that being branded a child molester will get him killed "once he's transferred to a 3rd or 4th level prison." ECF No. 1 at 5. Plaintiff further alleges that by placing false information in his file, the staff at San Quentin "created an adverse and hostile environment that could lead to physical assaults, even death, given the feelings of inmates toward child molesters." ECF No. 1-1 at 14.  Staff are also allegedly "well-aware" of this given the number of such attacks against child molesters in the past. Id.

However true these allegations may be, naked assertions and conclusory statements are not sufficient to support a facially plausible claim for relief. Twombly, 550 U.S. at 555-57; Iqbal, 556 U.S. at 678. Plaintiff does not provide any detail on any alleged attacks against child molesters or, in particular, attacks that have occurred in San Quentin State Prison. Plaintiff neither alleges that he has been attacked or threatened nor how the San Quentin staff have otherwise created an "adverse and hostile" environment. Plaintiff merely alleges that he will be transferred to a main line prison in the unidentified future and that he *could* be subject to physical assault and death. ECF No. 1-1 at 14 (emphasis added). Without more, the inference that a substantial risk to plaintiff's well-being exists cannot be reasonably drawn. Williams v. Wood, 223 F. App'x 670, 671 (9th Cir. 2007) (affirming dismissal of a claim for deliberate indifference to safety where the plaintiff did not allege that he had been assaulted or threatened with an assault by other prisoners and holding that plaintiff's speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of harm to his future health).

Even assuming that plaintiff's fear is well-founded, there are not enough facts to draw the inference that defendant Warden Broomfield was aware of the risk to plaintiff's well-being. In his grievance and appeals, plaintiff expressed disagreement with his classification as well as fear that his life could be in danger because of it. ECF No. 1 at 9-10, 33. However, plaintiff did not provide any later indication that his well-being was, in fact, in jeopardy because of the alleged misclassification—for example, filing a grievance about any assaults, threats of assault, or negative change in treatment toward him by other inmates. Without more than a generalized expression of fear for future well-being, it cannot be reasonably inferred that defendant Warden Broomfield was aware of a real threat to plaintiff or that he acted in conscious disregard of such a threat. Accordingly, plaintiff has not stated a cognizable claim for deliberate indifference to a substantial risk of serious harm.

### III.    Leave to Amend

Having conducted the screening required by 28 U.S.C. § 1915A, the undersigned finds that the complaint does not state a valid claim for relief pursuant to the Fourteenth Amendment for deprivation of liberty or pursuant to the Eighth Amendment for deliberate indifference to a

8

substantial risk of serious harm against defendant Warden Broomfield.  Because of these defects, the court will not order the complaint to be served on defendants.

Plaintiff may try to fix these problems by filing an amended complaint.  In deciding whether to file an amended complaint, plaintiff should refer to the relevant legal standards provided in the above section labeled "**LEGAL STANDARDS**."  The standard for amended complaints is also provided below.

<strong>LEGAL STANDARDS GOVERNING AMENDED COMPLAINTS</strong>

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-71.  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson, 588 F.2d at 743.  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  **Any claims and information not in the amended complaint will not be considered.**

<strong>CONCLUSION</strong>

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

/////

9

2.   Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

3.   Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

4.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED:  February 26, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

10